IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JULY 18, 2007 SESSION

## MS HOLDINGS, LLC v. LARRY MALONE
### Direct Appeal from the Chancery Court for Shelby County
### No. CH-05-1712-3   D.J. Alissandratos, Judge

_____

### No. W2006-01609-COA-R3-CV - Filed April 14, 2008

_____

The Chancery Court of Shelby County entered judgment on an appraiser's report of the value of a dissenter's shares in MS Holdings LLC. The Court also assessed attorneys' fees and costs against the dissenter. On appeal, the dissenter asserts that the appraiser failed to take into account the value attributable to MS Holdings' imminent future plans and that the Court erred in assessing attorneys' fees and costs against him. We affirm.

**TENN. R. APP. P.3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BEN H. CANTRELL, SP.J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Jason Wolfkill, Memphis, TN, for Respondent/Appellant

John S. Golwen, Timothy R. Johnson, Kristen C. Wright, Memphis, TN, for Petitioner/Appellee

## I.

Prior to June of 2005, Larry Malone owned a part interest in MS Holdings, LLC. Until June of 2005, MS Holdings was solely in the business of distributing King Cotton, Farmer's Pride, and Circle B meat brands through its subsidiary, Monogram Brands. Some of the other members of MS Holdings began exploring the possibility of licensing and selling products bearing celebrity likenesses and other trademarked items.

The new venture required the approval of the class of members that included the appellant, Larry Malone. Therefore, the Board of Directors instructed the company to call a special meeting of the members to authorize the new venture and to grant dissenter's rights to any member who wished to separate from the company.

Mr. Malone appeared at the meeting on June 6, 2005. He voted against the formation of a subsidiary to pursue the new venture, voted against amending the operating agreement of the company, and voted for the proposal to grant dissenter's rights in connection with the LLC's action.

A majority of the LLC membership voted in favor of pursuing the new line of business and in favor of granting the right to dissent under Tenn. Code Ann. §48-231-201. Prior to the vote on June 6, 2005, and pursuant to Tenn. Code Ann. §48-231-203, Mr. Malone had given notice of his intent to demand payment for his interest in the LLC if the LLC took a vote on the proposals contained in the meeting notice. He submitted his formal demand for payment of the fair value of his interest on July 11, 2005.

MS Holdings tendered Twenty-Seven Thousand Dollars ($27,000) to Mr. Malone on August 1, 2005, although its analysis of his interest indicated that the value was zero. On August 31, 2005, Mr. Malone demanded $2,684,000 for his interest in the LLC plus interest at three percent (3%) from June 6, 2005.

On September 18, 2005, MS Holdings asked the Chancery Court of Shelby County to determine the fair value of Mr. Malone's interest in the LLC. The Complaint also asked the Court to find that Mr. Malone acted arbitrarily, vexatiously, and in bad faith in making his demand and to assess all costs of the proceeding, including attorneys' fees, against him.

On December 9, 2005, the Court appointed an appraiser to hear evidence and recommend to the court the fair value of Mr. Malone's membership interest in MS Holdings.

In a letter to the attorneys dated April 4, 2006, the appraiser addressed the valuation question. In his opinion, the value of Mr. Malone's interest was nominal if the prospects for the future business created by the vote on June 6, 2005 were excluded. If he considered the prospects for the future, the most optimistic estimate of value would be in the $100,000 to $150,000 range. He also asked for a ruling from the Chancellor on whether the projected future performance of the subsidiary should be taken into account.

On May 24, 2006, the Chancellor entered an order containing the following:

> THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Appraiser should follow Tennessee law established by *Blasingame v. American Materials, Inc.*, 654 S.W.2d 659, 666 (Tenn. 1983) and its progeny and not *Weinberger v. UOP, Inc.*, 457 A.2d 701 (Del. 1983) and its progeny as advanced by Malone; that applicable Tennessee law is that it is not equitable for Malone to dissent against MS Holdings pursuit of the Licensing business yet seek to benefit from any projected income

from Licensing at the same time; and that the applicable standard is what was the value immediately preceding the action of the dissenter, Malone, as of June 6, 2005, without taking into account the future projected income of the MS Holdings business of Licensing.

The appraiser filed his report on May 31, 2006 containing a finding that the value of Mr. Malone's interest in MS Holdings on June 6, 2005 was "nominal say $10,000." Mr. Malone did not file any exceptions to the appraiser's report.

On June 20, 2006, the Chancellor entered an order approving the appraiser's report, and giving MS Holdings a judgment against Mr. Malone for Seventeen Thousand ($17,000) dollars, (the difference between the $10,000 value of his interest and the $27,000 previously tendered to and accepted by him). The order also awarded a judgment against Mr. Malone for MS Holdings' attorneys' fees and costs. In a subsequent order the amount of the judgment against Mr. Malone for attorneys' fees and costs was set at $63,418.56.

## II.

Mr. Malone asserts on appeal that the lower court erred in restricting the appraiser's consideration to the value on June 6, 2005 without considering the projected income from the entity created at the membership meeting on that date.

We are of the opinion that the Chancellor was correct. Although we might quibble with the Chancellor's holding that it would not be equitable for Mr. Malone to take advantage of the business he opposed, the law clearly is that the relevant date for determining the value of Mr. Malone's interest is the date immediately preceding the dissenter's action. In Tenn. Code Ann. §48-231-101 "fair value" is defined as "the value of the dissenter's membership interest of an LLC immediately before the effective date of the LLC action referred to in §48-231-201(a), excluding any appreciation or depreciation in anticipation of the LLC action;" Therefore, even if a prospective buyer had knowledge of what the LLC proposed and was willing to pay an enhanced price for somebody else's interest based on that knowledge, that value could not be used to determine the value of the dissenter's interest.

The appellant argues that a Delaware case Weinberger v. UOP, Inc., 457 A.2d 701 (Del. 1983) presents a more rational approach to valuation by allowing consideration of plans in place but not yet executed on the valuation date. We are of the opinion, however, that even under the holding in that case the estimate of future performance should not be used to determine value where the evidence is entirely speculative. In this case, the vehicle through which the LLC hoped to increase its earnings had not even been created on the valuation date nor had the contracts and licensing agreements which the LLC hoped would turn out to be

profitable, been finalized. Obviously, the remaining equity owners of MS Holdings hoped that their action would result in future profits, but as of the valuation date any future profits were just that, hope.

## III.

Mr. Malone also asserts on appeal that the Chancellor erred in awarding attorneys' fees and costs against him and in assessing him with the cost of the appraisal.

Tenn. Code Ann. §48-231-302 provides in part:

(a)    The court in an appraisal proceeding commenced under §48-231-301 shall determine all costs of the proceeding, including the reasonable compensation and expenses of appraisers appointed by the court. The court shall assess the costs against the LLC, except that the court may assess costs against some or all of the dissenters, in amounts the court finds equitable, to the extent the court finds the dissenters acted arbitrarily, vexatiously, or not in good faith in demanding payment under §48-231-209.

(b)    The court may also assess the fees and costs of counsel and experts for the respective parties, in amounts the court finds equitable:

. . .

(2) Against either the LLC or a dissenter, in favor of any other party, if the court finds that the party against whom the fees and expenses are assessed acted arbitrarily, vexatiously, or not in good faith with respect to rights provided by this chapter.

In his final judgment entered on June 20, 2006, the Chancellor approved the appraiser's report and held that "MS Holdings is entitled to recovery against Mr. Malone of its attorney fees and costs in prosecuting this matter pursuant to Tenn. Code Ann. §48-231-302(b) . . ." The court further held that "Mr. Malone shall be responsible pursuant to Tenn. Code Ann. §48-231-302(b)[1] for payment of all amounts approved by the Court as fees of the appraiser . . ." Contrary to Mr. Malone's assertion on appeal, these holdings amount to a finding that he acted arbitrarily, vexatiously, or not in good faith.

---

[1]We think the reference here to 302(b) is a simple mistake. The reference should have been to 302(a), but both sections rely for their applications on a finding that a party acted "arbitrarily, vexatiously or not in good faith."

We think that the Court's judgment in these matters should be affirmed. Nowhere in this record does Mr. Malone show any justification for his demand of $2,684,000 for his interest in MS Holdings. His August 31, 2005 demand did not include any documentation that would serve to support it. The record shows that he did not submit any proof to the appraiser supporting his demand, even when the appraiser specifically invited him to do so. In an email to the appraiser on March 23, 2006, Mr. Malone's attorney sent this message:

> Doug:
>
> Mr. Malone's estimate of the value of his membership interest was derived from financial statements provided by the company in August 2005 at my request and projections and other information in Mr. Malone's possession. Your requests for information to the company encompassed all such materials, so any documentation Mr. Malone could provide would be merely duplicative of a full and candid response from the company. Thank you for offering an additional opportunity to provide information, and we look forward to your opinion.

The appraiser's report states: "While afforded the opportunity, Mr. Malone did not provide any testimony or any documents for our review."

Mr. Malone did not file any exceptions to the appraiser's report and did not oppose the motion to confirm it.

Perhaps most importantly, the final judgment is based in part on the testimony of the appraiser in open court. That testimony has not been preserved for our review. In those circumstances, we must assume that the record, had it been preserved, would have supported the trial court's factual findings. Sherrod v. Wix, 849 S.W.2d 780 (Tenn. Ct. App. 1992).

The judgment of the Court below is affirmed and the and the cause is remanded to the Chancery Court of Shelby County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, SP.J.

Concurs:

Highers, P.J. W.S.
Farmer, J.